**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **DITECH FINANCIAL LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 3:19-cv-0004** |
| ) | |
| **ELVIS ALFRED PETERSEN, SR. a/k/a ELVIS** ) | |
| **A. PETERSEN, LAUREN L. PETERSEN a/k/a** ) | |
| **LAUREN LEE PETERSEN a/k/a LAUREN** ) | |
| **LEE MULRAINE, and VIRGIN ISLANDS** ) | |
| **BUREAU OF INTERNAL REVENUE,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is Plaintiff Ditech Financial LLC's ("Ditech") complaint against Elvis Petersen and Lauren Petersen (collectively the "Petersens"). Also before the Court is the Virgin Islands Bureau of Internal Revenue's (the "VIBIR") crossclaim against the Petersens. For the reasons stated below, the Court will dismiss this matter.

On January 18, 2019, Ditech filed a complaint for debt and foreclosure against the Petersens and the VIBIR. On February 26, 2019, the Petersens filed a letter addressed to Ditech's counsel in response to the summons they received in this matter. *See* ECF No. 10.

On March 28, 2019, the VIBIR filed an answer to Ditech's complaint and a crossclaim for a tax lien against the Petersens. On April 11, 2019, the Petersens filed a letter addressed to the VIBIR's counsel in response to the VIBIR's crossclaim. *See* ECF No. 14.

Thereafter, on August 21, 2019, Ditech and the VIBIR filed a stipulation of dismissal as to the VIBIR pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. That stipulation was effective immediately to dismiss Ditech's claims against the VIBIR. *See, e.g., First Nat'l Bank v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969) ("The entry of . . . a stipulation of dismissal is effective automatically and does not require judicial approval.").

On September 20, 2019, the VIBIR filed a document captioned "Corrected Notice of Dismissal of Virgin Islands Bureau of Internal Revenue's Cross-Claim against Elvis Petersen and Lauren Petersen." *See* ECF No. 30. That document informs the Court that the VIBIR seeks

*Ditech Financial LLC v. Elvis Alfred Petersen et al.*
Case No. 3:19-cv-0004
Order
Page 2

to dismiss its crossclaim against the Petersens and includes an attachment certifying the release of the VIBIR's tax lien against the Petersens. The document is signed by counsel for the VIBIR.

On May 7, 2020, Ditech filed a document captioned "Notice of Voluntary Dismissal and Release of Lis Pendens." *See* ECF No. 37. That document informs the Court that Ditech seeks to dismiss its complaint against the Petersens. The document is signed by counsel for Ditech.

The notices of dismissal filed by Ditech and the VIBIR appear to be notices of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.[1] Ordinarily, Rule 41(a)(1)(A)(i) dismissals are effective immediately and without Court order. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court."). Nevertheless, a notice of voluntary dismissal under 41(a)(1)(A)(i) requires that the opposing party has not yet filed an answer or a motion for summary judgment.[2]

Here, the Petersens filed several *pro se* letters which they had mailed to Ditech and the VIBIR when they received notice of the complaint and the crossclaim. These letters could be construed as answers considering the liberal standard generally afforded to *pro se* filings. Nevertheless, the Court need not decide whether these letters constitute answers because the relief sought by Ditech and the VIBIR is available pursuant to Rule 41(a)(2). Rule 41(a)(2) authorizes a court to dismiss an action at the plaintiff's request on terms that the court considers proper. *See* Fed. R. Civ. P. 41(a)(2). As such, the Court construes the notices of dismissal filed by Ditech and the VIBIR as requests for the Court to enter an order

---

[1] Rule 41(c) of the Federal Rules of Civil Procedure permits a party to dismiss a crossclaim under Rule 41(a)(1)(A)(i). *See* Fed. R. Civ. P. 41(c).

[2] Similarly, pursuant to Rule 41(c), a party may dismiss its crossclaim under Rule 41(a)(1)(A)(i) only if the party files its notice of voluntary dismissal either (1) before a responsive pleading is served, or (2) if there is no responsive pleading, before evidence is introduced at a hearing or trial. *See* Fed. R. Civ. P. 41(c).

*Ditech Financial LLC v. Elvis Alfred Petersen et al.*
Case No. 3:19-cv-0004
Order
Page 3

dismissing this matter pursuant to Rule 41(a)(2). Given the circumstances presented here, the Court is satisfied that dismissal of this matter is appropriate.

  The premises considered, it is hereby

  **ORDERED** that this case is **DISMISSED**; it is further

  **ORDERED** that the trial setting in this matter is **VACATED**; it is further

  **ORDERED** that all pending motions are **MOOT**; and it is further

  **ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**Dated: May 19, 2020**               s/  Robert A. Molloy
                              **Robert A. Molloy**
                              **District Judge**